UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| BARBARA MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 05-401-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Barbara Moore ("Moore" or "the Claimant") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("the Commissioner"). [Record Nos. 9, 10]  Through this action, Moore seeks to reverse the decision of an administrative law judge ("ALJ") concluding that she was not entitled to Supplemental Security Income payments.  However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed.  For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Moore.

I.      BACKGROUND

Moore filed this application for Supplemental Security Income payments on August 18, 2001.[1]  This claim was denied initially and upon reconsideration.  Thereafter, Moore requested

---

[1]      The Claimant previously filed an application for Supplemental Security Income payments on September 10, 1997.  This claim was denied initially and upon reconsideration.  The ALJ issued an

-1-

a hearing before an ALJ.  On August 19, 2003, an administrative hearing was conducted before

ALJ Don C. Paris.  During the hearing, the ALJ heard testimony from Moore and Leah Salyers,

a vocation expert ("VE").  Subsequently, the ALJ issued a decision denying benefits.  [Transcript

(Tr.), pp. 20-29]  The ALJ concluded that Moore retained the residual functional capacity to

perform a significant range of light work.  [Tr., p. 28]  Moore's request for review was denied

by the Appeals Council on October 27, 2005.  [Tr., pp. 10-12].

At the time of the hearing, Moore was a 46-years-old, with a high school education and

one year of college.  [Tr., p. 604, 606]  Her past relevant work experience includes employment

as a salad prep at a restaurant.  [Tr., p. 607]  Moore alleges a disability beginning on July 15,

1996, due to multiple physical and mental problems.  [Tr., p. 21]  After review and evaluation

of the medical evidence of record and testimony from the Claimant and the VE, the ALJ found

that Moore had the residual functional capacity to perform a significant range of light work and,

therefore, was not disabled within the meaning of the Social Security Act and regulations.  [Tr.,

p. 28]

## II.    LEGAL STANDARD

A claimant's social security disability determination is made by an ALJ in accordance

with a five-step analysis.  If the claimant satisfies the first four steps of the process, the burden

shifts to the Commissioner with respect to the fifth step.

---

unfavorable decision on May 10, 1999.  No further review was requested.  Subsequently, the Claimant filed
a second application for Supplemental Security Income payments which was denied initially on October 24,
2000.  The Claimant did not appeal that determination.

First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application.  20 C.F.R. § 416.920(b).  Second, a claimant must show that she suffers from a severe impairment.  20 C.F.R. § 416.920(c).  Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience.  20 C.F.R. § 416.920(d).  Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if she can do past work.  If she can, she is not disabled.  20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work.  If she cannot perform other work, the Commissioner will find the claimant disabled.  20 C.F.R. § 416.920(g).  The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied.  *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d

680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

-4-

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).  It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ.  *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

## III.   DISCUSSION

Moore's sole argument is that the ALJ erred by acting as his own medical expert when he evaluated Exhibit B-29F.  Exhibit B-29F is a MRI report of the Claimant's lumbar spine, dated March 5, 2003.  The Claimant notes that this MRI report was not available for review by Dr. David Weber at the time he performed a physical consultative examination on February 21, 2002, or at the time of her last physical residual functional capacity assessment on March 2, 2003.  Therefore, the Claimant contends that the ALJ "acted as his own medical expert" because he "did not have the benefit of a medical expert to opine the medical implications" of the MRI report. [Record No. 9, pp. 3-4]

Moore cites *Green v. Apfel*, 204 F.3d 780 (7th Cir. 2000), a case in which the ALJ had discounted significant evidence in the record which indicated that the claimant had a severe medical impairment.  In *Green*, the Seventh Circuit did not hold that all medical records must be reviewed by a medical expert.  Instead, that court simply held that: (1) the Commissioner

should have a claimant reviewed by a medical expert if evidence in the record suggests that the claimant may be disabled and (2) an ALJ's independent review of the medical evidence must bridge the evidence he is reviewing to his conclusions. *Id*. at 781. *Green* is entirely inapposite from this case because here, the ALJ relied on the MRI findings to reach his conclusion that Moore has a severe back and neck impairment. The ALJ did not rely on his own medical conclusions. Rather, he relied on the opinion of Dr. Kenneth Grimes, the radiologist who interpreted the MRI, in finding that Moore had a severe disorder of the back and neck. Thus, the ALJ clearly did not "act as his own medical. Rather, his conclusions were based upon the opinions of actual medical experts.

In addition, the Court notes that "the final responsibility for deciding" a claimant's RFC "is reserved to the Commissioner." 20 C.F.R. § 416.927(e)(2). It is entirely appropriate for an ALJ to review the evidence in the record to determine if it comports with the claimant's alleged disabilities, as was done in this case. Reversal or remand is required *only* if the ALJ's decision is not supported by *substantial* evidence. In this case, the ALJ's decision was supported by substantial evidence.

### IV.    CONCLUSION

For the reasons set out above, it is hereby **ORDERED** as follows:

1.    The Claimant's Motion for Summary Judgment [Record No. 9] is **DENIED**;

2.    The Commissioner's Motion for Summary Judgment [Record No. 10] is **GRANTED**; and

3.      The administrative decision will be **AFFIRMED** by separate Judgment entered

this date.

This 12th day of June, 2006.

Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**